IN THE UNTIED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DYLAN JESSE HARRISON

    Plaintiff,

V.

WEST PALM BEACH POLICE DEPARTMENT, OFFICER SEAN MEYERS, GRIFFIN AUTO CARE, WILLIAM GRIFFIN

    Defendants.

_____/

## COMPLAINT

## INTRODUCTION

1. This is a civil rights action on behalf of Dylan Harrison under the Fourteenth Amendment of the United States Constitution. Defendants violated Plaintiff's property rights, when Officer Sean Meyers stole high performance engine parts and video/ audio equipment from Plaintiff's GMC truck, while it was in DEA custody under temporary seizure. Meyers then installed at least the engine parts in his own GMC truck. Defendants Griffin Auto Care, Inc. assisted Meyers in removing the parts from Plaintiff's truck.

2. This action for money damages is brought pursuant to 42 U.S.C. Section 1983; the Fourteenth Amendment of the United States Constitution; and under the common law of the State of Florida against West Palm Beach and Officer Sean Meyers.

## JURISDICTION AND VENUE

3.    This action arises under the Constitution and Laws of the United States,

 particularly the Fourth and Fourteenth Amendment of the United States Constitution.

1

COMPLAINT

4.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331 and 1343 and on the supplemental jurisdiction of this court to entertain claims arising under state law pursuant to 28 U.S.C. Section 1367.

5.     Venue is proper in this district because it is where the events complained of what occurred.

6.      All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution  including those set forth in Florida Statute Chapter 768.

## PARTIES

7.     Plaintiff Dylan Harrison, was at all times relevant to this complaint a citizen of the United States and a resident of Lantana, Florida.

8.     Defendant, West Palm Beach Police Department, is a political division of the State of Florida.

9.     Defendant, Sean Meyers, was at all times relevant to this complaint duly appointed and acting as an officer of West Palm Beach Police Department, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or West Palm Beach Police Department.

10.    At all material times, and in all of their acts described hereto, Defendant was acting under color of state law and color of his authority as a public official and public employee.  At all times, Defendant was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights as more particularized herein.

11.    At all material times, Defendant Griffin Auto Care, Inc. was incorporated under

2

the laws of Florida, and had its principal place of business in West Palm Beach.

12.     At all material times, Defendant William Griffin, was acting under the explicit instructions of Officer Sean Meyers. This makes defendant William Griffin a state actor for purposes of this lawsuit.

13.     In 2010, plaintiff Harrison purchased a new white Silverado 2010 GMC truck, and over the years, had extensive modifications done to the engine, and, in addition, installed a video/ audio recording system in the truck's interior cab.

14.     On July 25, 2012, Harrison was taken into custody by the DEA on charges of conspiracy to distribution a controlled substance analogue. Ancillary to the arrest, the DEA made extensive seizures of personal property belong to Harrison, including the 2010 GMC truck.

15.     Around August 2012, DEA agent David Weeks visited Harrison (still in custody on the pending charges) to inform Harrison that someone had broken into the truck, while it was parked in the DEA seizure lot. In questioning Harrison, Weeks expressed suspicion that Harrison might have been involved by conspiracy to break into the DEA lot to tamper with any evidence that might still be in the truck. Harrison responded that he had "no idea" who was responsible.

16.     Pursuant to plea negotiations, the DEA agreed to return to Harrison the seized GMC Truck, since it was purchased well before any alleged criminal activity.

17.     In April 2013, Harrison initiated efforts to retrieve the GMC truck from DEA custody, and learned that the truck had been moved to Apple Auctions in Miami, even though Harrison was still only under indictment and had not admitted guilt yet, nor had there been a judicial finding of guilt.

18. When Harrison arrived at the auction lot, he noticed that the truck was in damaged condition. The tire was flat; the window broken; the window seals torn up; and the trim and body were dented. The seats were cut up, and a door panel was broken. An internal video monitoring system, including five cameras, was torn out, leaving damage to the interior. Also gone was a diesel tuner that was mounted under the dash, and an IQ Palm Pilot to enhance speed and performance. The radio was ripped out, and replaced with a cheap substitute that did not fit and hung out of the dash. Several personal items that were left in the truck at the time of seizure were also missing, including power tools, a Tiffany gold chain with diamond pendant, a belt sander and angle grinder.

19. Harrison took the truck for repairs to the mechanic who had done the original modifications. While working on the truck, the mechanic noticed that the Banks Power Intake (that he had installed in the truck one year previous) was missing, and replaced with a cheap factory model. The factory intake part had a VIN sticker on it, and the mechanic ran a search on the VIN number and discovered that the part was taken from a GMC truck registered to Officer Sean Meyers, at 600 Banyan Blvd, West Palm Beach, Fl. Meyers was a West Palm Beach Police Officer who was assigned to Harrison's case as part of a DEA task force. Later, investigation revealed that Harrison's high performance Bank Power Intake was installed on Meyers' truck.

20. The parts were switched at Griffin Auto Care, Inc. Griffin was a friend of Officer Meyers. Officer Meyers had Harrison's truck towed to Griffin's, and once there, Harrison's expensive high performance parts were switched for Meyers' cheap factory parts.

4

## COUNT I

### 42 U.S.C. SECTION 1983 FORTH AMENDMENT VIOLATION AGAINST DEFENDANT MEYERS FOR UNLAWFUL DEPRIVATION OF PROPERTY

21. Plaintiff re-alleges paragraphs one through twenty and incorporates them by reference herein.

22. While Defendant Meyers was acting under color of law as an officer in the West Palm Beach Police Department, and as an agent for the Drug Enforcement Agency, he deprived Plaintiff of rights secured to him under the Fourth Amendment to the Constitution of the United States.

23. Defendant Meyers unlawfully seized property from Harrison, when Meyers broke into Harrison's truck and stole parts, while the truck was parked in the DEA seizure lot.

24. Defendant Meyers unlawfully seized property from Harrison by directing Griffin Auto Care, Inc. to switch Harrison's high performance intake for Meyers' factory part.

25. The conduct of Defendant Meyers violated Plaintiff's clearly established right to be free from an unreasonable seizure of property as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. Section 1983 provides a remedy.

## COUNT II

### 42 U.S.C. SECTION 1983 FOURTH AMENDMENT VIOLATION AGAINST DEFENDANT CITY OF WEST PALM BEACH FOR UNLAWFUL DEPRVATION OF PROPERTY

26. Plaintiff re-alleges paragraphs one through twenty-five and incorporates them by reference herein.

27.     This is a cause of action for damages in excess of fifteen thousand dollars, exclusive of attorney's fees and costs.

28.     Defendant City of West Palm Beach is responsible for the conduct of Police Officers in its employ, including Officer Meyers.

29.     Officer Meyers was acting as a West Palm Beach Police Officer when he stole parts from Harrison's truck, for which Harrison suffered damages.

30.     Pursuant to Section 768.28, Florida Statutes, Plaintiff notified the Defendant City of West Palm Beach of this claim prior to filing this action and said claim was not resolved.

## COUNT III

## 42 U.S.C. SECTION 1983 FOURTH AMENDMENT VIOLATION AGAINST DEFENDANT GRIFFIN AUTO CARE, INC. FOR UNALWFUL DEPRIVATION OF PROPERTY

31.     Plaintiff re-alleges paragraphs one through thirty and incorporates them by reference herein.

32.     Griffin at all times relevant to this action was acting under the explicit instructions of Officer Meyers to remove Harrison's high performance part and replace it with Meyers' cheap factory part.  This makes Griffin a state actor for purposes of this lawsuit.

33.     Not only did Griffin swap the parts, but also Griffin did extensive damage to the body of Harrison's truck in putting the truck on the lift to do the work.

34.     The conduct of Defendant Griffin violated Plaintiff's clearly established right to be free from an unreasonable seizure of property as guaranteed by the Fourth and

6

Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. Section 1983 provides a remedy.

## COUNT IV

### 42 SECTION 1983 FOURTH AMENDMENT VIOLATION AGAINST DEFENDANT WILLIAM GRIFFIN FOR UNLAWFUL DEPRIVATION OF PROPERTY

35. Plaintiff re-alleges paragraphs one through thirty-four and incorporates them by reference herein.

36. William Griffin at all times relevant to this action was acting under the explicit instructions of Officer Meyers to remove Harrison's high performance part and replace it with Meyers' cheap factory part. This makes Griffin a state actor for purposes of this lawsuit.

37. Not only did Griffin swap the parts, he also did extensive damage to the body of Harrison's truck when he put it on the lift.

38. The conduct of Defendant Griffin violated Plaintiff's clearly established right to be free from an unreasonable seizure of property as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. Section 1983 provides a remedy.

## COUNT V

### COMMON LAW CONVERSION AGAINST DEFENDANT GRIFFIN AUTO CARE, INC.

39. Plaintiff re-alleges and hereby incorporates paragraphs one through thirty-eight.

40. While Harrison's truck was in the custody of Griffin Auto Care, Inc., Griffin knowingly took parts from Harrison's truck without authorization. Also, Griffin damaged the body of Harrison's truck in the process of stealing parts.

41. Harrison suffered damages from Griffin's tortious conduct.

## COUNT VI

### COMMON LAW CONVERSION AGAINST DEFENDANT WILLIAM GRIFFIN

42. Plaintiff hereby re-alleges and incorporates by reference paragraphs one through forty-one.

43. While Harrison's truck was in the custody of Griffin Auto Care, Inc., Griffin knowingly took parts from Harrison's truck without authorization. Also, Griffin damaged the body of Harrison's truck in the process of stealing parts.

44. Harrison suffered damages from Griffin's tortious conduct.

### DEMAND FOR JURY TRIAL

Plaintiff Harrison hereby demands a jury trial as to all issues triable by a jury.

**WHEREFORE,** Plaintiff respectfully requests this Court to award:

   A. Reasonable and appropriate compensatory damages.

   B. Punitive damages against the individual police Officer defendant.

   C. Plaintiff's costs, expenses and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988.

   D. Such other and further relief as this Court deems necessary and proper.

DATE: September 10, 2016.

>Respectfully submitted,
>*s/s Michael Antinori*
>Michael Antinori
>Florida Bar No.: 567744
>michaelantinori@hotmail.com
>714 Palmetto Street
>West Palm Beach, Florida 33405
>772-321-8590
>Attorney for the Plaintiff Dylan Harrison